### NIAGARA MOHAWK POWER CORPORATION, Plaintiff,

v.

**CONSOLIDATED RAIL CORPORATION; the King Service, Inc.; Pittsburgh Business Properties, Inc.; United States Steel Company; Edwin D. King; Lawrence King; Richard B. Slote; Chevron U.S.A., Inc.; Portec, Inc.; and American Premier Underwriters, Inc., Defendants.**

No. 98–CV–1039.

United States District Court, N.D. New York.

May 5, 2000.

Swidler, Berlin, Shereff, Friedman, L.L.P., Thomas M. Downs, Milissa Murray, of counsel, Washington, DC, John T. Parkinson, Managing Counsel, Niagara Mohawk Power Corporation, Syracuse, NY, Rodney B. Griffith, Consolidated Rail Corporation, Philadelphia, PA, for plaintiff.

Menter, Rudin & Trivelpiece, P.C., Thomas J. Fucillo, of counsel, Syracuse, NY, for Defendant Consolidated Rail Corporation.

Whiteman & Osterman, Edwin King, Lawrence King & Richard Slote, Albany, NY, Scott N. Fein, Maria E. Villa, of counsel, David L. Smiga, USX Corporation, Pittsburgh, PA, for Defendants King Service, Inc.

Devorsetz, Stinziano, Gilberti, Heintz & Smith, P.C., Syracuse, NY, Adam J. Schultz, of counsel, for Defendant United States Steel Company.

Lafave & Associates, Delmar, NY, Patrick J. Higgins, of counsel, for Defendant Chevron.

Bond, Schoeneck & King, Albany, NY, David Sheridan, of counsel, for Defendant Portec.

Orrick & Herrington, New York City, James J. Capra, Jr., Siobhan Handley, of counsel, for Defendant American Premier Underwriters.

### *MEMORANDUM–DECISION AND ORDER*

HURD, District Judge.

## I. *INTRODUCTION*

Plaintiff, Niagara Mohawk Power Corporation ("Niagara Mohawk"), commenced the instant action asserting causes of action under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601–9675 ("CERCLA"), N.Y. Navigation Law §§ 176(8) & 181(1), as well as common law claims for joint tortfeasor liability, indemnification, unjust enrichment, and public nuisance. Niagara Mohawk seeks recovery of costs it has incurred and will incur in the future with respect to its investigation and cleanup of a contaminated site in and around Troy, New York ("Site"). Niagara Mohawk also seeks de-

claratory judgment as to each defendant's liability for future costs. Defendant Consolidated Rail Corporation ("Conrail") has moved to dismiss for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1). Defendant United States Steel Corporation (now known as and hereinafter referred to as "USX") has moved for summary judgment, pursuant to Fed. R.Civ.P. 56. Oral argument was heard on January 14, 2000 in Utica, New York.[1] Decision was reserved.

## II. FACTUAL BACKGROUND

In the 1970s, several major railroads in the Northeast and Midwest became insolvent and filed for bankruptcy. In response to this perceived crisis, Congress enacted the Regional Rail Reorganization Act of 1973 ("Rail Act"), 45 U.S.C. §§ 701–797m, the primary purpose of which was "the reorganization of railroads in [the] region into an economically viable system capable of providing adequate and efficient rail service." § 701(b)(2). Conrail was specifically created pursuant to the Rail Act to take title to and operate certain rail properties. § 701(b)(4). Property related to the Site was transferred to Conrail effective April 1, 1976 pursuant to a court order.[2]

The Rail Act created a special court ("Rail Act Court") which has original and exclusive jurisdiction over "any action ... to interpret, alter, amend, modify, or implement any of the orders entered by such court ... in order to effect the purposes of [the Rail Act] or the goals of the final system plan." § 719(e)(2). Congress abolished the Rail Act Court effective January 17, 1997; however, jurisdiction of the Rail Act Court was transferred to the United States District Court for the District of Columbia. § 719(b)(2).

A predecessor of Niagara Mohawk owned and operated the Site and engaged in the business of manufacturing gas, a byproduct of which is coal tar. In December 1992, Niagara Mohawk signed an Order on Consent with the New York State Department of Environmental Conservation, whereby Niagara Mohawk was required to investigate the nature and extent of coal tar contamination at the Site and develop and implement remedial action. The Site is comprised of three adjoining parcels on the east shore of the Hudson River (Areas 2, 3, and 4), and one parcel on the west shore (Area 1).

Niagara Mohawk seeks recovery under CERCLA from Conrail based upon its alleged current ownership of contaminated property within Areas 2, 3, and 4. See 42 U.S.C. § 9607(a)(1). Niagara Mohawk asserts that USX is liable (1) under CERCLA § 9607(a)(2) as an owner and operator of a facility where there has been disposal of contaminants; and (2) under § 9607(a)(3) as a generator of hazardous waste at the Site.

## III. DISCUSSION

### A. Conrail's Motion to Dismiss

Conrail asserts two reasons why Niagara Mohawk's CERCLA claim against it should be dismissed. First, Conrail claims that it cannot be held liable under CERCLA because it owns property adjacent to the Site which is separate and distinct from the property at issue here. Second, Conrail contends that even if it did own property within the Site, this court does not have subject matter jurisdiction over

---

**1.** On January 5, 2000, defendant American Premier Underwriters, Inc. ("APU") filed a motion for leave to file a memorandum of law out of time in which it joins in Niagara Mohawk's arguments in opposition to Conrail's motion to dismiss. APU filed this separate motion because Conrail's motion to dismiss was fully briefed before APU filed its responsive pleading. APU's motion was returnable on February 11, 2000. However, for convenience, APU was permitted to argue its position at oral argument at the January 14, 2000 hearing, and its motion will be addressed in this opinion.

**2.** Conrail asserts that it does not own property within the Site, but merely owns railroad tracks adjoining the Site.

the issue of its CERCLA liability because the property in question was transferred to Conrail based upon a conveyance order issued pursuant to the Rail Act. Conrail contends that the United States District Court for the District of Columbia has exclusive jurisdiction over the issue of its liability for preconveyance contamination because this issue requires interpretation of the Rail Act, the final system plan, and the conveyance order and conveyance documents. Both of these arguments is addressed in turn below.

### 1. *Motion to Dismiss Standard*

A cause of action shall not be dismissed for failure to state a claim under Fed. R.Civ.P. 12(b)(6), "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a motion brought pursuant to Fed.R.Civ.P. 12(b), the court must assume all of the allegations in the complaint are true. *Id.* In reviewing the sufficiency of a complaint at the pleading stage, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

■ Where a motion to dismiss is made prior to any discovery or the filing of an answer, the court is loath to dismiss the complaint, regardless of whether the plaintiff is unlikely to prevail, unless the defendant can demonstrate that plaintiff is unable to prove facts which would entitle him to relief. *Wade v. Johnson Controls, Inc.,* 693 F.2d 19, 22 (2d Cir.1982); *see also Egelston v. State Univ. College,* 535 F.2d 752, 754 (2d Cir.1976). "This caution against dismissal applies with even greater force where the complaint is pro se, or where the plaintiff complains of a civil rights violation." *Easton v. Sundram,* 947 F.2d 1011, 1015 (2d Cir.1991) (citations

omitted), *cert. denied,* 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992).

### 2. *Review*

■ As mentioned above, Conrail first claims that Niagara Mohawk's CERCLA claim against it must be dismissed because Conrail does not own property within the Site, but merely adjacent to it. The amended complaint alleges that "Conrail owns railroad tracks and land within Areas 2, 3, and 4 on which hazardous substances have been detected and from which there are releases or threatened releases of hazardous substances." (Am.Compl.¶ 48.) For purposes of Conrail's motion to dismiss, plaintiff's allegation as contained in the complaint is assumed to be true, *see Conley,* 355 U.S. at 45–46, 78 S.Ct. 99, and states a viable CERCLA claim. Consequently, Conrail's first argument for dismissal must be rejected.

■ Conrail next argues that the District Court for the District of Columbia has exclusive jurisdiction over the issue of Conrail's CERCLA liability because this issue requires interpretation of the Rail Act, the final system plan, and the conveyance order and conveyance documents. For the reasons which follow, Conrail's second argument for dismissal is also rejected.

In *Penn Cent. Corp. v. United States,* the Rail Act Court held that it has exclusive jurisdiction to determine whether CERCLA liability is proper for a railroad's pre-conveyance activities because such a determination requires interpretation of the Rail Act and the conveyance order and conveyance documents. 814 F.Supp. 1116, 1119–21 (Sp.Ct.R.R.R.A.1993)("Penn Central I"); *see also Penn Cent. Corp. v. United States,* 862 F.Supp. 437, 445–46 (Sp.Ct.R.R.R.A.1994)("Penn Central II"). However, "[d]ecisions regarding strictly issues of CERCLA liability are outside [the Rail Act Court's] province," *Consolidated Rail Corp. v. United States,* 883 F.Supp. 1565, 1578 (Sp.Ct.R.R.R.A.1995), as are is-

sues of apportionment of liability. *Id.* at 1577.

Plaintiff solely seeks to hold Conrail strictly liable under CERCLA § 9607(a)(1) as a current owner of contaminated property within the Site. Unlike the factual scenarios in the *Penn Central* and related Rail Act Court cases, determining Conrail's liability as a current owner of contaminated property does not involve examination of the pre-conveyance activities of Conrail's predecessors and does not require interpretation of the Rail Act or conveyance documents to ascertain the respective liabilities of Conrail and its predecessors. To the extent that plaintiff's amended complaint may be construed as an attempt to hold Conrail liable as a successor in interest for preconveyance contamination, only the District Court for the District of Columbia has jurisdiction to determine that issue. However, Niagara Mohawk denies such an attempt and concedes that pursuant to the *Penn Central* and related Rail Act Court cases, Conrail may not be held liable as a successor in interest for preconveyance contamination. Therefore, Conrail's motion to dismiss for lack of subject matter jurisdiction must be denied.

### B. *USX's Motion for Summary Judgment*

#### 1. *Summary Judgment Standard*

Summary judgment must be granted when the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Lang v. Retirement Living Pub. Co.,* 949 F.2d 576, 580 (2d Cir.1991). The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986);

*Thompson v. Gjivoje,* 896 F.2d 716, 720 (2d Cir.1990). Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Project Release v. Prevost,* 722 F.2d 960, 968 (2d Cir.1983).

When the moving party has met the burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. at 586, 106 S.Ct. 1348. At that point, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56: *Liberty Lobby Inc.,* 477 U.S. at 250, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.,* 475 U.S. at 587, 106 S.Ct. 1348. To withstand a summary judgment motion, evidence must exist upon which a reasonable jury could return a verdict for the nonmovant. *Liberty Lobby, Inc.,* 477 U.S. at 248–49, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.,* 475 U.S. at 587, 106 S.Ct. 1348. Thus, summary judgment is proper where there is "little or no evidence ... in support of the non-moving party's case." *Gallo v. Prudential Residential Servs.,* 22 F.3d 1219, 1223–24 (2d Cir.1994) (citations omitted).

#### 2. *Review*

USX claims that it is not liable to the plaintiff under CERCLA as an owner/operator of contaminated property because when the Site was in operation, USX did not own it, and when USX did own the Site, it was not in operation. Further, USX asserts that Niagara Mohawk has not submitted any evidence that USX generated any waste that was disposed of at the Site.

It is premature to grant USX summary judgment, as no formal discovery has taken place yet. Further, the affidavits and other evidence which has been submitted by both parties in connection with this

motion demonstrate that issues of fact exist concerning when USX owned property within the Site, and whether contaminants were generated and released at the Site during such ownership. Therefore, USX's motion must be denied.

## IV. CONCLUSION

Based upon the foregoing, it is

ORDERED, that

1. Consolidated Rail Corporation's motion to dismiss for lack of subject matter jurisdiction is DENIED;

2. USX's motion for summary judgment is DENIED; and

3. American Premier Underwriters, Inc.'s motion for leave to file a memorandum out of time is GRANTED.

IT IS SO ORDERED.